**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GARY LEE WOODROFFE,**

    Plaintiff,

v.                                                       **Case No. 8:11-CV-1392-T-27AEP**

**ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,**

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1) and Affidavit of Indegency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*. The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

On September 16, 2008, the Plaintiff filed a substantially similar, three-count complaint against substantially identical parties in this Court (the "2008 Complaint"). (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 1.) On February 9, 2009, Judge James S. Moody, Jr. entered an order dismissing the 2008 Complaint without prejudice, but providing the Plaintiff with twenty

days to file an amended complaint. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 30.) On February 27, 2009, the Plaintiff filed a motion for extension of time to file an amended complaint, which was subsequently granted, providing the Plaintiff an additional ten days to file an amended complaint. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. Nos. 31, 32.) On March 27, 2009, with no amended complaint filed, Judge Moody entered an order directing the Clerk to close the case. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 33.) Eighteen months later, the Plaintiff filed a motion to appoint counsel, which was subsequently denied by Magistrate Judge Elizabeth A. Jenkins for failing to move the Court to reopen the case. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. Nos. 34, 35.) On May 24, 2011, over two years after Judge Moody's February 9, 2009 order dismissing the 2008 Complaint, the Plaintiff filed a motion for leave to file an amended complaint. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 36.) On May 27, 2011, Judge Moody entered an endorsed order denying the Plaintiff's motion for leave to file an amended complaint. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 37.) Less than a month after Judge Moody entered an order denying the Plaintiff's motion to file an amended complaint, the Plaintiff filed the current Complaint in the instant case.

In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). Compared to the 2008 Complaint, the current Complaint asserts nearly identical claims against nearly identical parties. Most significantly, the Plaintiff has not cured the deficiencies identified

by Judge Moody in his February 9, 2009 order dismissing the 2008 Complaint. (*See* Case No. 8:08-cv-1838-T-JSM-EAJ, Dkt. No. 30.) As such, the Complaint still fails to state a claim upon which relief may be granted and should be dismissed.

Accordingly, and after due consideration, the Court **RECOMMENDS** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and the Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida this 31st day of October, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:

Hon. James D. Whittemore

*Pro se* parties

Counsel of Record